Matthew M. Levy, J.
Plaintiff was awarded, after trial, an interlocutory judgment, directing defendant to account in respect of certain shares of stock involving Spear & Company and Acme Hamilton Manufacturing Corporation and otherwise. Defendant has appealed from that judgment, and plaintiff has cross-appealed from so much of the decision that denied plaintiff certain further relief prayed for. The interlocutory judgment was dated September 14, 1964, but for the reasons indicated in the memorandum of the Special Referee, filed herewith, the accounting proceedings have not come to hearing.
In the meanwhile, it appears that defendant has been disposing of certain of his assets by gift and alleged sales to his daughters and others of Acme-Hamilton shares. Apprehensive that further threatened transfers will result in making defendant judgment proof, plaintiff moves to restrain defendant from making any other transfers of his shares of stock in Acme-Hamilton, and for the appointment of a receiver of defendant’s shares in said corporation pending the entry of a final judgment in the action.
The application is vigorously opposed by defendant, principally on the grounds (1) that there is no authority in law for the granting of the motion since final judgment has not been entered, and (2) that he is confident that he will succeed in obtaining a reversal of the interlocutory judgment.
As to the latter basis for objection, it may be that the intermediate decree will be upset on appeal; but until such time, defendant should not be permitted to denude himself of his assets so as to render unlikely or impossible plaintiff’s reaping the fruits of his victory if that is what will result.
As to the first ground for objection, CPLR 5229, a new provision, is (albeit not cited by plaintiff) also a complete answer: ‘ ‘ In any court, before a judgment is entered, upon motion of the party in whose favor a verdict or decision has been rendered, the trial judge may order examination of the adverse party and order him restrained with the same effect as if a restraining notice had been served upon him after judgment.”
There is no genuine dispute as to the facts of defendant’s transfers, recent and constant and some very substantial. Therefore, I see no need for an examination any more than there is need to await the entry of a final judgment to assure appropriate and adequate protection to plaintiff. (See Legislative Studies and Reports, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 5229.)
*133 Modifying the suggestion of plaintiff, as set forth in his reply affidavit, that portion of the motion to restrain defendant from making any further transfers of his shares of stock in the corporation will be granted, unless defendant: (a) stipulates in writing that he will make no further transfers of and will not incumber an aggregate of 500,000 shares of the common stock of Acme-Hamilton Manufacturing Corporation and of the note in the sum of $150,000 evidencing a loan he made to that corporation; and (b) arranges for the deposit and retention of said 500,000 shares of stock, coupled with evidence of his title thereto, and of the said note in the sum of $150,000, with his attorney of record herein to be held by the attorney pending the final determination of this action. In lieu of the foregoing, defendant may, if he so chooses, post a bond or other security in an amount equal to the sum of $650,000, and in such event defendant will not be restrained in any way from transferring or incumbering the aforesaid shares of stock or the aforesaid note.
Insofar as the motion seeks the appointment of a receiver of defendant’s stock in the corporation, it is at this time denied.
Settle order accordingly, providing for an undertaking to be filed by plaintiff in a sum to be fixed by the court to save defendant harmless in the event of any loss to defendant by virtue of this interim relief granted plaintiff.